IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30672
Conference Calendar

_____

JOSEPH HERCULE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-285
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

Joseph Hercule, federal prisoner # 44389-004, appeals from

the denial of his 28 U.S.C. § 2241 petition wherein he sought to

vacate his conviction.  Hercule was sentenced to a total of 168

months' imprisonment following his conviction for various

offenses, including car-jacking, in violation of 18 U.S.C.

§ 2119.

Hercule argues that the district court erred in determining

that his Jones v. United States, 526 U.S. 227 (1999) claim did

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not meet the criteria for bringing a claim pursuant to the "savings clause" of 28 U.S.C. § 2255.

"[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Hercule argues that his claim falls under the "savings clause" because his indictment failed to charge all of the elements of an offense under 18 U.S.C. § 2119. Hercule, however, cannot satisfy either prong of the Reyes-Requena analysis. He cannot satisfy the first prong of the Reyes-Requena analysis because he cannot show that he has been convicted of a non-existent offense. See id. Moreover, he cannot satisfy the second prong of the Reyes-Requena analysis because his Jones claim was not foreclosed at the time he filed first 28 U.S.C. § 2255 motion. Accordingly, Hercule has not shown that the district court erred in dismissing his petition.

AFFIRMED.